# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL DAVID SHERMAN, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., a/k/a KAISER PERMANENTE,<br><br>Defendant. | Case No.: 13-cv-00981-JAH-JMA<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Plaintiff Rafael David Sherman ("Mr. Sherman" or "Plaintiff") filed a Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class (hereinafter referred to as the "Preliminary Approval Motion") in the above-captioned action (the "Lawsuit"). The Preliminary Approval Motion was unopposed by defendant Kaiser Foundation Health Plan, Inc. ("Kaiser" or "Defendant").

The Court has read and considered the Settlement Agreement (the "Agreement"), the Preliminary Approval Motion, and the record in this case.

NOW, THEREFORE IT IS HEREBY ORDERED:

I. <u>JURISDICTION</u>:  The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.  All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

II. <u>PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT</u>:  The Court preliminarily finds that the Settlement of the Lawsuit, on the terms and conditions set forth in the Agreement and the exhibits thereto, is in all respects fundamentally fair, reasonable, adequate and in the best interests of the Class Members, taking into consideration the benefits to Class Members; the strength and weaknesses of Plaintiff's case; the complexity, expense and probable duration of further litigation; and the risk and delay inherent in possible appeals.  The Court finds that notice of the Settlement should be given to the approximately 864,412 persons in the Class and a full hearing should be held on approval of the Settlement.

III. <u>CAFA NOTICE</u>:  In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, Kaiser Permanente is ordered to serve written notice of the proposed Settlement on the U.S. attorney general and the

attorney general of each state, unless written notice has already been served by Kaiser Permanente.

IV. <u>CLASS MEMBERS</u>: Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following class members:

1. The Class or Class Members consists of:

> All former Kaiser members within the United States who received one or more calls made with an automatic telephone dialing system or an artificial or pre-recorded voice on their cellular telephones from Kaiser or its agents and/or employees encouraging them to re-apply for Kaiser coverage or to return at the next opportunity from April 24, 2009 through December 4, 2014.

V. <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u>: For purposes of preliminary approval, the Court appoints Plaintiff Rafael D. Sherman as the Class Representative, and Joshua B. Swigart of Hyde & Swigart and Abbas Kazerounian of the Kazerouni Law Group, APC as Class Counsel.

VI. <u>NOTICE AND CLAIMS PROCESS</u>: The Court approves the form and method of notice set forth in the Agreement. Within ten (10) days of this Preliminary Approval Order, Kaiser Permanente shall provide the list of Class Members ("Class List") who can be identified from its records to the Claims Administrator, KCC Class Action Administrators ("KCC"), and Class Counsel. KCC shall mail a postcard-type notice ("Mail Notice") to each known Settlement Class Member at their last known address as provided by Kaiser Permanente. The addresses shall be updated with the National Change of Address database prior to mailing. The Mail Notices shall be mailed no later than thirty (30) days after issuance of this Preliminary Approval Order.

Any Mail Notices that are returned as non-deliverable with a forwarding address shall promptly be re-mailed by the Claims Administrator to such forwarding address. The Mail Notice and the publication notice ("Publication Notice") shall reference a website established for this Settlement, and that website ("Settlement Website") shall contain the full details of the Settlement and permit the filing of claims on the website. The Mail Notice and Publication Notice shall also contain the Claims Administrator's toll free telephone number so that the Class Members can inquire about the Settlement and also make a claim over the telephone. At least ten (10) days prior to the Final Approval Hearing, the Claims Administrator shall file a declaration of compliance with the notice procedures set forth in the Agreement. The Court finds that the form and method of notice set forth in the Agreement satisfies the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constitutes the best practicable procedure under the circumstances.

VII. <u>SETTLEMENT AND CLAIMS PROCESS</u>: The Court preliminarily approves the $5,350,000.00 settlement benefits ("Settlement Fund") as fair, reasonable and adequate for members of the Class. The Court preliminarily approves the process set forth in the Agreement for reviewing, approving and paying claims from the Settlement Fund on a pro rata basis, after deducting notice and claims administration costs, attorneys' fees, litigation costs, and any incentive payment ("Settlement Costs").

VIII. <u>CLASS CERTIFICATION</u>: The Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, for purposes of settlement only.

IX. <u>EXCLUSIONS</u>: Any Class Member who desires to be excluded from the class must send a written request for exclusion to the Claims Administrator,

with a postmark date on or before the Opt-Out and Objection Deadline, which shall be one hundred and thirty (130) days from the date of entry of this Order. The Claims Administrator's address shall be provided in the notice mailed to the Class Members and also shall be posted on the website. The Claims Administrator shall provide a list of those persons requesting exclusion to Class Counsel and to Defendant's counsel after the deadline for exclusions passes, but no later than ten (10) days prior to the Final Approval Hearing. A copy of that list will be filed with the Motion for Final Approval of the Class Action Settlement.

X. To be effective, a written request for exclusion must contain the name and number of this case, Class Member's full name and address and be signed by the Class Member. The request must also state generally that the person wishes to be excluded from the Settlement.

XI. Any Class Member who submits a valid and timely request for exclusion shall not be a member of the settlement Class, and shall not be bound by the Agreement or Settlement.

XII. If 1,000 or more Class Members opt-out of the Settlement Agreement by timely submitting an Exclusion Request, then Kaiser, in its sole discretion, shall have the right to terminate the Settlement.

XIII. <u>OBJECTIONS</u>: Any Settlement Class Member who intends to object to the fairness of the Settlement must submit a written objection with the Court, at United States District Court, Southern District of California, 333 West Broadway, Suite 1380, San Diego, CA 92101, postmarked on or before the Objection Deadline, which is one hundred and thirty (130) days from the date of entry of this Order. Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel

and defense Counsel, whose addresses shall be set forth in the website's notice advising the Class Members about objections.

XIV. To be considered, written objection must be signed by the Class Member and state: the name and case number of this Lawsuit, Class Member's name, address, cellular telephone number/s and all arguments, citations and evidence supporting the objection, a statement of whether the objecting Class Member intends to appear at the hearing for final approval of the class action settlement, and whether the objecting Class Member intends to appear at the hearing with or without counsel.  Further, the Class Member must attach to the written objection any documents supporting the objection.

XV. Any Class Member who does not file a valid and timely objection to the Settlement shall be barred from seeking review of the Settlement by appeal or otherwise.

XVI. <u>FINAL APPROVAL HEARING</u>:  The Court shall conduct a hearing (hereinafter the "Final Approval Hearing") on April 27, 2015, at 2:30 p.m., at 333 West Broadway, Courtroom 13B, San Diego, CA 92101.  The Final Approval Hearing may be rescheduled or continued by the Court.  At the hearing, the Court will consider the following issues:

A. Whether this Lawsuit satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P 23;

B. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

C. Whether the Final Judgment and Order of Dismissal With Prejudice, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Persons; and

D. Such other issues as the Court deems appropriate.

XVII. Attendance at the Final Approval Hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. However, Class Members wishing to be heard are required to indicate in their written objection whether they intend to appear at the Final Approval Hearing.

XVIII. If the Agreement is not finally approved for any reason, then this order shall be vacated, the Agreement shall have no force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this order never entered.

XIX. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

IT IS SO ORDERED.

Dated: December 4, 2012

_____
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE