January 6, 2015

JAN 1 6 2015

Clerk of the Court
U.S. District Court
Southern District of California
333 West Broadway, Suite 1380
San Diego, CA 92101



**RE: *My Objection to Sherman v. Kaiser Foundation Health Plan, Inc., a.k.a. Kaiser Permanente Settlement, Case No. 13-cv-00981-JAH-JMA (S.D. Cal.).***

Dear Court Clerk,

I will not participate in the Kaiser Permanente Settlement mentioned above. Here are the reasons that I object to this legal action against Kaiser.

1) I am opposed to this suit because it is unreasonable and unjust. This is an example of a frivolous lawsuit. The penalty is excessive. In fact, no financial penalty should be imposed against Kaiser Permanente at all. If Kaiser has made a mistake it should be notified to correct the error. In fact, if Kaiser has made this error, I'm certain it has already corrected it, proving that the organization seeks to abide by laws and regulations.

Furthermore, I believe this suit is frivolous for these reasons:

2) I am opposed to this suit because there was no injury (pain or suffering) inflicted to Mr. Sherman by receiving the alleged automated call to his cell phone. Any unwanted call that he received was only a minor inconvenience (if any inconvenience at all), and therefore no legal action against Kaiser is justifiable. Because there was no injury, there should be no compensation.

3) I am opposed to this suit because Mr. Sherman provided his cell number to Kaiser Permanente *at will*. It was Mr. Sherman's decision to provide that cell number. Everyone must use discretion with whom he wants to communicate by cell, and to protect access to that cell number accordingly. No one is obligated to give his cell number to anyone. Organizations usually ask for a second number (e.g. home phone). It was Mr. Sherman's responsibility to withhold his cell number from Kaiser if he did not want automated calls to his cell phone. Mr. Sherman could easily have provided a home phone or other landline number to Kaiser instead (especially if he was familiar with the regulation that Kaiser allegedly violated).

Realistically, one could ask: *How serious is the infraction of receiving an automated call to one's cell phone?* Mr. Sherman could have provided his home phone instead, but maybe for convenience sake he only gives out his cell number. Then the choice was his. Would Mr. Sherman change his medical coverage from Kaiser to another carrier if receiving automated calls to his cell phone was his only option with Kaiser (e.g. if he didn't have some other number to receive automated calls)? Probably not. *I doubt this alleged infraction by Kaiser is a serious matter to Mr. Sherman or anyone else.*

4) I am opposed to this suit because Kaiser Permanente was acting in good faith, using the automated phone service to provide service to its own patients. This lawsuit is unjust. Kaiser has done nothing to warrant legal action requiring compensation. There were no injuries.

Kaiser used an automated system to provide service to its own patients - *to the telephone numbers provided by those patients.* Most organizations use some form of phone automation to conduct their business. Some companies have automated call back service. Kaiser may use automated phone calls for appointment reminders or prescription confirmations, etc. The automated calls are meant to benefit patients, not to harm them.

Personally speaking, if I had ever received an automated call to my cell phone or not, it wouldn't have mattered because I understand that Kaiser is a large organization that relies on automation to provide good service. In my opinion this is a frivolous case that should be thrown out.

Thank you for considering my objections.

Sincerely,

*Marianne Nygaard*

Marianne Nygaard
7163 Claremont Circle
Roseville, CA 95678
(916) 771-0229

cc:

Class Counsel
Joshua B. Swigart, Esq.
Hyde & Swigart
2221 Camino Del Rio S., Ste. 101
San Diego, CA 92108

Defense Counsel
Abraham Colman, Esq.
Reed Smith, LLP
355 S. Grand Ave., Ste. 2900
Los Angeles, CA 90071