Kenneth Murphy
1950 S. Fillmore St.
Denver, CO 80210
(303) 725-5685

**FILED**

MAR 2 6 2015

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

March 18, 2015

Clerk of the Court
U.S. District Court
Southern District of California
333 West Broadway, Suite 1380
San Diego, CA 92101

**RE:** Case No. 13-cv-00981-JAH-JMA

To the Court:

I object to the proposed Settlement in *Sherman v. Kaiser Foundation Health Plan, Inc., a.k.a. Kaiser Permanente (Case No. 13-cv-00981-JAH-JMA) (S.D. Cal.)*.

I am a Class member affected by the claim in the case, and I was sent a postcard as evidence that I am a Settlement Class Member with a Claim number of KHS-10521573901.

I object to the Settlement and ask that this letter be entered into the record at either the Fairness Hearing or at another appropriate time as determined by the Court.

I respectfully ask the Court to either:
1. Dismiss the case and proposed Settlement as part of a frivolous lawsuit pursued to enrich the Plaintiff's attorneys and providing little relief to the alleged victims/Claimants, or
2. Uphold the Settlement and provide the Plaintiff's attorneys with the lodestar method for paying their fee

Points that constitute my objection include, but are not limited to:

1. The aforementioned case has every appearance of being a frivolous lawsuit with the reasonable assumption, as supported below, that the primary goal is to provide $1,337,500 to the Plaintiff's attorneys and very little to the alleged victims of the case.

   To point, from the Settlement Fund of over $5-million, the Plaintiff's attorneys in their lengthy "Notice of Motion and Motion for Attorneys' Fees, Costs and Incentive Payment" allege that victims may receive possibly $25 - $106 if (keyword: IF) they submit a timely and valid claim properly. Whereas, three (3) individuals (Plaintiff's attorneys) that are designated in the aforementioned Motion will receive over a million dollars via their preferred percentage-of-the-fund method of fee payment. That great difference in reward does not show justice, it shows a frivolous lawsuit where the plaintiff attorneys make out like bandits compared to the alleged victims. Thus, it is debatable that the case/Settlement has any merit at all because it appears that no justice is being served.

P. 2 of 4
Murphy objections (13-cv-00981-JAH-JMA)

It would look favorable to the Court and the legal system if the Court would dismiss the case as frivolous because justice is not served when only a few are rewarded while the actual victims receive almost nothing. It is time to stop class-action lawsuits that appear to be pursued primarily to enrich the attorneys.

2. An additional reason that the Court may recognize that the case/Settlement has no merit is because justice is not being served in the Settlement when the Defendant is looking for the most inexpensive out for the case, and the Plaintiff's attorneys seemingly do not care because they are focused on their want to receive $1.3-million in fees.

   In the "Settlement Agreement" posted on the settlement website (https://eclaim.kccllc.net/eaclaimforms/khs/home.aspx) section-18 states in-part, "Kaiser denies any liability in connection with any such claims and intends merely to avoid further litigation of the Action." Meaning, to avoid a trumped-up lawsuit that benefits no one but the Plaintiff attorneys, the suit has forced the defendant (Kaiser) to take the least expensive resolution instead of playing the expensive legal game in Court. If this case was to truly benefit the Class, then plaintiff attorneys should just receive actual billable-hours fees and expenses, and the majority of the Settlement Fund should go to the alleged Class victims ($500 to $1,500 per incident/violation/member as dictated in the Telephone Consumer Protection Act).

3. Of all the Court documents provided on the Settlement website, it is telling that the most voluminous PDF file/document is the 141-page "Notice of Motion and Motion for Attorneys' Fees, Costs and Incentive Payment;" whereas, other documents, including the Settlement Agreement, are a fraction of that page-count.

   In comparison to the cause of the Class Action, the Plaintiff's attorneys have gone to great documented effort in their Motion to request that their fees be paid, with emphasis on attempts to persuade the Court to select the percentage-of-the-fund method option.

   With dramatic efforts put forth in their Motion for payment, it is reasonable to believe that the main objective of the case is to enrich the Plaintiff's attorneys. It is an insult to the Court for the Plaintiff's attorneys to believe that true intentions are not known.

4. The Plaintiff's attorneys attempt to sway the Court to use the percentage-of-the-fund method to determine their fee/reward instead of the lodestar method. At best, I encourage the Court to select the lodestar method as the appropriate option.

   My interpretation from their 141-page Motion is that they believe that they deserve the percentage-of-the-fund method (greedy) because:
       A. They did a good job
       B. The risks of litigation support the requested fee
       C. Other class action plaintiff's attorneys received 25% of their settlement fund, and they want that huge percentage too

Doing a good job is expected as professionals, and their reward is their expensive hourly-rate.

Their documented hourly-rates are $365, $565, and $595. With minimum wage being $7.25 an hour, the Plaintiff's attorneys may be out-of-touch with the common worker in America that they allegedly represent. Even skilled workers in America only make approximately $24.61 per hour according to the U. S. Department of Labor (http://www.bls.gov/news.release/empsit.t19.htm). Making $595 per hour compared to $7.25 or $24.61 per hour seems like a tremendous "congratulations" for a good job.

Their additional reasoning for attempting to influence the Court toward the percentage-of-the-fund method option is that the unfounded risks of litigation supports their preferred payment method. However, I read nowhere in their Motion of any facts (keyword: facts) that relate directly to the specific case at-hand to prove their point. In fact, there seems to be evidence that there will NOT be any future litigation as Kaiser has agreed to settle with agreed-upon terms.

All the Plaintiff's attorneys have provided is what-if scenarios based on other cases that do not reflect the composition of this case/Settlement.

In the unlikely event that there be a need for litigation, the Plaintiff's attorneys could petition the Court at that time for compensation, as the Plaintiff's attorneys have not provided any evidence that the case at-hand is risky.

Although they strongly attempt to persuade the Court that they deserve 25% of the settlement fund because others have received that percentage too (which does not mean it is right or reasonable), it is entirely the Court's discretion to reward the Plaintiff's attorneys with reasonable fees.

A consideration could be for the Plaintiff's attorneys to ask the Claimants that they represent if it is reasonable that their attorneys' fees be 25% of the entire settlement fund. Sensibly, one can expect that the vast majority of Claimants would not see that huge percentage as a reasonable fee; thus it was not asked and it is up to the Court to represent the people/Claimants in fairness to what the Court believes the people would approve.

If the Settlement proposal is about justice, it is unknown to me which theory of justice the Plaintiff's attorneys adhere to in their action because it is clear that the alleged victims/Class receive virtually nothing, but the Plaintiff's attorneys are extremely well paid.

If the Settlement is to be approved, I encourage the Court to select the option of the lodestar method as more than reasonable for paying the three (3) Plaintiff's attorneys collective impressive fee of $272,808 for 496.20 hours of work. That is more than fair and reasonable to the Class members they purportedly represent. Then, the re-directed un-allotted balance of $1,064,692 could be distributed to the Claimants for whom they serve; which is more in-line with justice as it compensates the Class members.

However, my strongest recommendation is that the Court dismiss the case/Settlement because it lacks merit (justice). The Action appears to be an abuse of the legal system and could be interpreted as a frivolous lawsuit based on the apparent primary purpose to enrich Plaintiff attorneys. The Settlement is not fair to the alleged victims and does not provide justice.

Sincerely,

*Kenneth Murphy*

As required, copies of this objection have been mailed to:

Class Counsel:
Joshua B. Swigart, Esq.
Hyde & Swigart
2221 Camino Del Rio S., Ste. 101
San Diego, CA 92108

Defense Counsel:
Abraham Colman, Esq.
Reed Smith, LLP
355 S. Grand Ave., Ste. 2900
Los Angeles, CA 90071