**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAFAEL DAVID SHERMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>PLAINTIFF,<br><br>V.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., A/K/A KAISER PERMANENTE,<br><br>DEFENDANT. | Case No.: 13-cv-00981-JAH-JMA<br><br><u>CLASS ACTION</u><br><br>FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE<br><br><br>**Judge:** Hon. John A. Houston |

On October 10, 2014, plaintiff Rafael David Sherman ("Mr. Sherman" or "Plaintiff") and defendant Kaiser Foundation Health Plan, Inc. ("Kaiser" or "Defendant", herein jointly referred to as the "Parties") entered into a Class Action Settlement Agreement (the "Agreement"), which is subject to review under Fed. R. Civ. P. 23. Plaintiff filed a Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class (the "Preliminary Approval Motion") in the above-captioned action (the "Lawsuit" or "Action").

On October 21, 2014, Plaintiff filed the Agreement, along with the

Plaintiff's Preliminary Approval Motion. The Preliminary Approval Motion was unopposed by Kaiser.

On December 4, 2014, upon consideration of the Agreement, Preliminary Approval Motion, and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order").

On March 4, 2015, the Plaintiff filed his Motion For Attorneys' Fees, Costs And Incentive Payment (the "Fee Brief").

On March 27, 2015, the Plaintiff filed his Motion for Final Approval of Class Action Settlement (hereinafter referred to as the "Final Approval Motion"). Pursuant to the Final Approval Motion, Plaintiff requests final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action Settlement.

On April 29, 2015, the Plaintiff filed supplemental briefing in support of the Final Approval Motion and Fee Brief.

On May 11, 2015, a Final Approval Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members and should be approved by the Court.

The Court has read and considered the Agreement, Final Approval Motion and the record. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

I. <u>JURISDICTION</u>: The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

II. <u>SETTLEMENT CLASS MEMBERS</u>: Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby finally certified, for settlement purposes only, as a

class action on behalf of the following Class Members:

> All former Kaiser members within the United States who received one or more calls made with an automatic telephone dialing system or an artificial or pre-recorded voice on their cellular telephones from Kaiser or its agents and/or employees encouraging them to re-apply for Kaiser coverage or to return at the next opportunity from April 24, 2009 through December 4, 2014.

III. <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u>: Pursuant to Fed. R. Civ. P. 23, Plaintiff Rafael David Sherman is the Class Representative, and Joshua B. Swigart of Hyde & Swigart and Abbas Kazerounian of the Kazerouni Law Group, APC are appointed "Class Counsel."

IV. <u>NOTICE AND CLAIMS PROCESS</u>:  Pursuant to the Court's Preliminary Approval Order, the Claims Administrator, KCC, has complied with the approved notice process as confirmed in its declaration filed with the Court. The form and method for notifying the Class Members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances.  The Court finds that the notice process was designed to advise the Class Members of their rights.  Further, the Court finds that Settlement Fund is approved, and the claim process set forth in the Agreement was followed and that the process was the best practicable procedure under the circumstances.

V. <u>FINAL CLASS CERTIFICATION</u>: The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, for settlement purposes under Fed. R. Civ. P. 23(b)(3).  The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the

Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Class Members, especially in light of the benefits to the Class Members, the strength of the Plaintiff's case, the complexity, expense and probable duration of further litigation, the risk and delay inherent in possible appeals, an alleged arbitration agreement, and the risk of collecting any judgment obtained on behalf of the class.

VI. <u>SETTLEMENT TERMS</u>:  The Agreement, which has been filed with the Court and shall be deemed incorporated herein, and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

1. The Claims Administrator, KCC, shall pay each of the 79,311 claims by Class Members (representing 78,459 timely and valid claims and 852 late claims) who did not exclude themselves from the settlement their pro rata share of the Net Settlement Fund[1] in the form of a check;

2. The Claims Administrator shall pay from the Common Fund the total sum of $1,500 to the Plaintiff Rafael David Sherman, sent via Class Counsel, as an incentive payment for bringing and participating in this Lawsuit;

3. The Claims Administrator shall be paid from the Common Fund the sum of $839,070.18 for its costs and fees incurred for the cost of notice and claims administration and any amounts advanced by Defendant for those purposes shall be credited and refunded to it from the Common Fund; and

---

[1] The Net Settlement Fund is determined by subtracting from the $5,350,000 Common Fund the amount of awarded attorneys' fees and litigation costs, claims administration costs, and an incentive award to the named Plaintiff.

    4. The Claims Administrator shall pay from the Common Fund to Class Counsel the sum of $1,337,500 as reasonable attorneys' fees and the sum of $11,635.84 as reasonable costs incurred in litigating this Lawsuit, in the manner specified in the Agreement. The Court finds that the requested fees are reasonable under either the percentage-of-the-fund or lodestar method.

VII. EXCLUSIONS AND OBJECTIONS:

1. A total of twenty-seven (27) requests for exclusion were received. Those persons requesting exclusion are named on Exhibit A to this Order. The Court hereby excludes these individuals from the Class and Settlement.

2. The Class Members were given an opportunity to object to the settlement. Only one (1) Class Member, DeLacy Fletcher, objects to the Settlement. After consideration of the objection, the Court hereby overrules the objection.

3. This Order is binding on all Class Members, except those individuals named on Exhibit A, who validly and timely excluded themselves from the Class.

VIII. <u>RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT</u>: The Class Representative (Mr. Sherman), Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Persons, as set forth in the Agreement. Pursuant to the Release contained in the Agreement, the Released Claims are compromised, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

IX. The Lawsuit is hereby dismissed with prejudice in all respects.

X. This order is not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

XI. Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice, the Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Action and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

IT IS SO ORDERED.

Dated: May 12, 2015

THE HON. JOHN A. HOUSTON
U.S. DISTRICT COURT JUDGE