# EXHIBIT C

```
 1                    UNITED STATES DISTRICT COURT

 2                FOR THE SOUTHERN DISTRICT OF CALIFORNIA

 3

 4   REZA BARANI, INDIVIDUALLY AND  .
     ON BEHALF OF ALL OTHERS        .
 5   SIMILARLY SITUATED,            .
                                    . Docket
 6              Plaintiff,          . No. 12cv2999-GPC-KSC
                                    .
 7                   v.             . January 20, 2017
                                    . 1:32 p.m.
 8   WELLS FARGO BANK, N.A.,        .
                                    .
 9              Defendant.          . San Diego, California
     . . . . . . . . . . . . . . . .
10
                       TRANSCRIPT OF MOTION HEARING
11               BEFORE THE HONORABLE GONZALO P. CURIEL
                     UNITED STATES DISTRICT JUDGE
12

13                      A-P-P-E-A-R-A-N-C-E-S

14   For the Plaintiff:
                              Hyde & Swigart
15                            2221 Camino Del Rio South, Suite 101
                              San Diego, California 92108
16                            By:  JOSHUA SWIGART, ESQ.

17   For the Defendant:
                              Severson & Werson APC
18                            19100 Von Karman Avenue, Suite 700
                              Irvine, California 92612
19                            By:  COURTNEY C. WENRICK, ESQ.

20

21

22   Court Reporter:          Chari L. Possell, RPR, CRR
                              USDC Clerk's Office
23                            333 West Broadway, Suite 420
                              San Diego, California 92101
24                            chari_possell@casd.uscourts.gov

25   Reported by Stenotype, Transcribed by Computer
```

**EXHIBIT C 01**

```
 1        SAN DIEGO, CALIFORNIA; JANUARY 20, 2017; 1:32 P.M.
 2                              -o0o-
 3            THE COURT:  And then on Barani, do you know if
 4   opposing counsel is going to appear?
 5            MR. SWIGART:  My understanding was I thought she was
 6   on her way.  They substituted a notice of appearance of a new
 7   attorney from their firm.  I thought she was going to show.
 8   She may be delayed because of the rain or the protestors, or a
 9   combination of both.
10            THE COURT:  That's true.  There's a lot of things
11   going on.  I have somewhere to go.
12            MR. SWIGART:  I don't think it's a defense motion --
13   it's mostly ours -- and I don't think they took a position.
14            THE COURT:  I will note for the record, it's
15   1:32 p.m.  This matter was scheduled for a hearing at 1:30.  We
16   are here on plaintiff's motion for a second distribution or,
17   alternatively, *cy pres* distribution from the residual
18   settlement fund.
19        And you may enter your appearance for the record.
20            MR. SWIGART:  Thank you, Your Honor.  Josh Swigart on
21   behalf of plaintiffs and the class.
22            THE COURT:  I have reviewed the motion.  And the
23   reason I kept it on calendar rather than granting the motion on
24   the papers was I just wanted to make sure that there would be
25   no one that appeared that objected.  No objections have been
```

**EXHIBIT C 02**

1  lodged as a result of this motion.  And at this time, it does
2  not appear that there are any objectors in the courtroom.
3      The only question that I have, having reviewed the motion,
4  is that Section 11.02 of the settlement agreement reads, "Any
5  funds not paid out as the result of uncashed settlement checks
6  shall be paid out as a *cy pres* award to a recipient agreed to
7  by the parties and approved by the Court as set forth in
8  8.05(f)."
9      In this case, the plaintiff asks, in the alternative, to
10 make a *cy pres* award, but initially asks the Court for a second
11 distribution.  So my question is would a second distribution
12 violate that section of the settlement agreement?
13         MR. SWIGART:  That's a very good question, Your
14 Honor.  In fact, I have had personal conversation with defense
15 counsel.  I know they are not here, but for the record, they
16 were -- they wanted to follow the settlement agreement, so
17 those are the terms of the settlement agreement, the terms that
18 the Court had agreed to.
19     We looked at the case law, and so we wanted to give the
20 Court the alternative.  It wasn't a de minimis amount of five
21 cents; it was something significant.  So we are okay with
22 following the settlement agreement but wanted to make the Court
23 aware of the case law and really give it up to the Court to do
24 what they feel is right.
25         THE COURT:  Well, I would have had no problem in

**EXHIBIT C 03**

```
 1  allowing for a second distribution had it not been for the fact
 2  that the settlement agreement lays out what procedure to take
 3  in the event of uncashed settlement checks, which is what I
 4  understand that we have, uncashed settlement checks.
 5       So given the language of the settlement agreement, given
 6  the fact that we have uncashed settlement checks, which then
 7  call for a cy pres award, I am prepared to comply with, follow,
 8  the precise language of the settlement agreement.
 9       So what I am prepared to do is accept the recipient that
10  has been proposed.  It appears to the Court that --
11       (Ms. Wenrick entered the courtroom.)
12            THE COURT:  Is this counsel in the case?
13            MS. WENRICK:  For Wells Fargo.  I apologize, Your
14  Honor.
15            THE COURT:  It's all right.  We started the hearing
16  without you.  And you are, for the record?
17            MS. WENRICK:  My name is Courtney Wenrick, for the
18  defendant, Wells Fargo Bank.
19            THE COURT:  We started without you, and I indicated
20  that the concern that I had about making a second distribution
21  related to the language of the settlement agreement,
22  Section 11.02, which provides that any funds not paid out as a
23  result of uncashed settlement checks shall be paid out as a
24  cy pres award.
25       So at this point, it seems to me that our facts fit
```

**EXHIBIT C 04**

1  exactly into the language of 11.02, and given that fact, it
2  seems to me that that's what the Court has to do; it has to
3  make a *cy pres* award.
4     I was just moving to the question of who is an appropriate
5  *cy pres* recipient.  I have reviewed the request to designate
6  New Media Rights as the appropriate *cy pres* recipient.  I agree
7  with the parties with respect to their analysis as to a proper
8  *cy pres* recipient that, given the nature of the lawsuit, the
9  consumer privacy interests that are at play, the business or
10 the rights that are protected by New Media Rights, that there's
11 a proper nexus.  There's a good fit.  And so that, ultimately,
12 by this *cy pres* award, we would be indirectly benefiting the
13 members of the class.
14     So given those circumstances, the Court is prepared to
15 grant the alternative requested relief, which is to make a
16 *cy pres* distribution from the residual settlement fund.
17     Do you wish to be heard any further?
18         MR. SWIGART:  No, Your Honor, just a question.  Does
19 the Court have the appropriate order?  Do you want me to send a
20 modified proposed order?
21         THE COURT:  You can send a proposed modified order,
22 and then we will look it over.  Send it in Word form.  And
23 then, to the extent that we wish to modify it or change it or
24 add to it, we can do that.
25         MR. SWIGART:  Thank you, Your Honor.  I appreciate

**EXHIBIT C 05**

```
 1  that.
 2          THE COURT:  Anything else from defense counsel?
 3          MS. WENRICK:  No, Your Honor.
 4          THE COURT:  With that, that will conclude these
 5  proceedings.  Thank you very much.
 6          MR. SWIGART:  Thank you, Your Honor.
 7          MS. WENRICK:  Thank you, Your Honor.
 8       (End of proceedings at 1:37 p.m.)
 9                          -o0o-
10                C-E-R-T-I-F-I-C-A-T-I-O-N
11
12          I hereby certify that I am a duly appointed,
13  qualified and acting official Court Reporter for the United
14  States District Court; that the foregoing is a true and correct
15  transcript of the proceedings had in the aforementioned cause;
16  that said transcript is a true and correct transcription of my
17  stenographic notes; and that the format used herein complies
18  with rules and requirements of the United States Judicial
19  Conference.
20          DATED:  February 9, 2017, at San Diego,
21  California.
22
23                           /s/  Chari L. Possell
                             _____
24                           Chari L. Possell
                             CSR No. 9944, RPR, CRR
25
```

**EXHIBIT C 06**