# EXHIBIT D

I, Richard Holober, hereby declare as follows:

I have served as the Executive Director of the Consumer Federation of California since 2001.

The Consumer Federation of California ("CFC") is a non-profit consumer advocacy organization.  Since 1960, the CFC has worked to improve state and federal consumer protection laws.

For the past sixteen years, privacy has been a central focus of our work. CFC was a founding member of Californians for Privacy Now, a coalition that helped to win enactment of the nation's strongest financial privacy law (*Senate Bill 1 - Speier; Chapter 791, Statutes of 2003*).  CFC has testified in support of numerous pending pieces of legislation that would strengthen privacy rights and protections against identity theft. We have submitted testimony to federal and state regulatory agencies concerning privacy rights.

In 2006, CFC urged the California Public Utilities Commission to include consumer privacy protections in its Telecommunication Consumer Bill of Rights. The CPUC deferred the topic of privacy to a later proceeding. In 2012, CFC petitioned the CPUC to initiate a mobile phone privacy rulemaking proceeding in *Petition P. 12-11-006,* (petition dismissed without prejudice). In 2017, we conducted a cell phone user privacy survey through our PrivacyRevolt social media platform to compile complaint data for a new CPUC petition seeking a cell phone privacy rulemaking.

CFC also took the protecting of cellular phone users' Customer Proprietary Network Information (CPNI) to the state legislature as the sponsor of *AB 3011 (Huffma*n) of 2013.  CFC led the fight that stopped a 2015 attack on California's two party consent law for recording or monitoring cellular phone conversation *(AB 925 – Low)*.  CFC is currently working with lawmakers to amend *AB 413 (Eggman)* to limit use of confidential information collected under an exception to the two-party consent law in cases of suspected domestic violence.

In 2016 CFC launched Privacy Revolt, an online campaign to build grassroots support for stronger national consumer privacy protections. CFC submitted comments and reply comments to the Federal Communications Commission *In the Matter of Protecting the Privacy of Customers of Broadband and other Telecommunications Services (WC Docket No. 16-106),* and through Privacy Revolt, collected and submitted over 5,800 individual comments to the FCC in support of CFC's comments. We participated in a national coalition of consumer and public policy organizations that successfully advocated at the FCC. The FCC adopted landmark broadband internet privacy regulations in October 2016. In April 2017, the President signed a Congressional review Act repeal of these prospective regulations. While the CRA was before the Congress, CFC submitted 1,000 petition signatures urging lawmakers to uphold the regulations.

CFC intervened in a CPUC proceeding to help craft smart grid consumer privacy requirements in *Rulemaking 08-12-009, Decision D. 14-05-016*. CFC testified in Department of Insurance regulatory proceedings that protected privacy by restricting insurer access to a

**EXHIBIT D 01**

motorist's confidential automobile's transponder data that is not germane to California automobile insurance rating factors (*Proposed Amendments to CCR 2642.4 et. Seq., Auto Rating Factors; Mileage Verification*).

CFC sponsored a 2014 law (*AB 2667 – Bloom; Chapter 426, Statutes of 2014*) which stopped rent to own companies from secretly placing spyware on rental computers.  In 2011 CFC was instrumental in negotiating language that amended *California Civil Code Sections 1747.02 and 1747.08, Song Beverly Credit Card Act*, to allow a narrow credit card privacy exemption for collection of credit card holder zip codes for the limited purpose of preventing fraud or identity theft in card-not-present transactions at gas station fueling kiosks (*AB 1219 - Perea; Chapter 690, Statutes on 2011*).

CFC led the legislative effort that stopped two attacks on *California's Confidentiality of Medical Information Act, Civil Code Section 56 – 56.37,* by amending *AB 439 (Skinner*) in 2012 and *AB 1755 (Gomez*) in 2014, to eliminate language restricting patient access to the civil justice system in the event of a negligent release of individually identifiable private medical information.

A partial list of other privacy laws that CFC helped enact include protecting the privacy of public school students' online activities (*SB 1177 – Steinberg, Chapter 839, Statutes of 2015*), extending library patrons' privacy rights to readers and purchasers of eBooks (*SB 602 – Yee, Chapter 424, Statutes of 2011*), limiting the use of data collected from transportation agencies' toll collecting transponders (*SB 1268 – Simitian, Chapter 489, Statutes of 2010*), requiring cell phones sold in our state to contain locking mechanisms to protect a consumer's privacy in case of a theft *(SB 962 – Leno, Chapter 275, Statutes of 2014)*, strengthening the data breach notification law (*SB 24 – Simitian, Chapter 197, Statutes of 2011*),  and extending medical privacy law to cover computer software and hardware, including app-based systems offered to consumers (*AB 658 – Ian Calderon, Chapter 296, Statutes of 2013*). In 2017, CFC is opposing legislation *(AB 165 - Cooper)* which would eliminate California Electronic Communication Privacy Act protections for the contents of cell phones for some six million Californians in the public education system.

In 2013 CFC sponsored legislation (*SB 383 – Jackson*) which would have clarified the inclusive intent on the *Song Beverly Credit Card Act* following the State Supreme Court decision in *Apple Inc. vs. The Superior Court of Los Angeles County and David Krescent, S199384,* which ruled that credit card consumer privacy rights did not apply to online transactions involving downloadable products or services. In 2015 CFC sponsored *AB 886 (Chau)* which would have restricted the sharing of sensitive passenger information by app-based transportation network companies. CFC led the legislative effort that stopped two attacks on *California's Confidentiality of Medical Information Act, Civil Code Section 56 – 56.37,* by amending *AB 439 (Skinner*) in 2012 and *AB 1755 (Gomez*) in 2014, to eliminate language restricting patient access to the civil justice system in the event of a negligent release of individually identifiable medical information.

**EXHIBIT D 02**

      I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.  Executed on April 5, 2017, pursuant to the laws of the United States of America and the State of California.

*[signature: Richard Holober]*

Richard Holober

**EXHIBIT D 03**